UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                   )
EDWIN ADAMES,                        )
                                                   )
         Plaintiff,          )
                                                   )
v.                                                  ) Civil Action No.: 05-10189-RWZ
FEDERAL BUREAU OF         )
INVESTIGATION,              )
and TODD RICHARDS,      )
                                                 )
         Defendants.      )
_____)

## DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MEMORANDUM IN SUPPORT OF IT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

### INTRODUCTION

     The Defendant, Federal Bureau of Investigation ("FBI"), submits this memorandum in support of its Motion to Dismiss, as explained in more detail below, this court lacks jurisdiction over the claims against the FBI because sovereign immunity bars claims against the federal agency for violations of the Fourth and Fifth Amendments. Therefore, this suit must be dismissed against the FBI.

### BACKGROUND

     The allegations of the complaint, construed in light most favorable to the plaintiff, are as follows. This case arises out of the seizure of several motor vehicles, motorcycles and motor cycle parts that plaintiff claims are his property. The defendants contends that the property is neither owned by the plaintiff, nor registered to the plaintiff. Answer of Todd Richards ¶¶ 5 & 6.

     Plaintiff is an individual residing in Lawrence, Massachusetts. Complaint ¶ 1. The

defendant is an agency of the United States.  Complaint ¶ 2.  Defendant, Agent Todd Richards, is an employee of the FBI.  Complaint ¶ 3.

Plaintiff alleges that on or about August 27, 2004, Agent Richards seized one Nissan Maxima, one Infiniti G-35, as well as a Kawasaki Motorcycle and other motorcycle parts without a warrant or probable cause.  Complaint ¶ 5.  On or about September 1, 2004, plaintiff alleges that Agent Richards seized one Toyota Camry, also without a warrant or probable cause.  Complaint ¶ 6.  This suit against the FBI and Todd Richards alleges that both the FBI and Richards violated plaintiff's Fourth and Fifth Amendment rights when Agent Richards seized these vehicles.  Complaint ¶ 7.  The defendant contend that the property was properly seized.  Answer of Todd Richards at Fifth and Sixth Defenses.

## ARGUMENT

### I. The United States Has Not Waived Sovereign Immunity For Constitutional Violations.

Generally, a party may not sue the United States or any of its entities, except where the government has consented to suit, and has thus waived its sovereign immunity.  *See Cohens v. Virginia*, 19 U.S. 264 (1821).  Absent statutory abrogation of immunity, the Court has recognized a judicially created, although limited, remedy for plaintiff's who allege that federal agents have violated their Fourth and Fifth Amendment rights.  *See Bivens v. Six Named Unknown Federal Agents*, 403 U.S. 388, 389 (1971); *Davis v. Passman*, 442 U.S. 228 (1979).  This remedy, known as a *Bivens* action, allows plaintiffs to sue federal agents for damages in federal court, based on certain constitutional violations by the agent.  *See Bivens*, 403 U.S. at 389.

Both the Supreme Court and the First Circuit have expressly held that a *Bivens* action

cannot be maintained against a federal agency. *See FDIC v. Meyer*, 510 U.S. 471, 484-486 (1994) (concluding *Bivens* does not extend from actions against agents to actions against agencies); *See Tapia-Tapia v. Potter,* 322 F.3d 742, 746 (1st Cir. 2003) ("[T]he Supreme Court has refused to recognize a Bivens remedy against federal agencies (even those for which sovereign immunity has been broadly waived)"); *Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir. 2000) ("It is well settled that a *Bivens* action will not lie against an agency of the federal government"). Specifically, the Supreme Court has concluded that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *FDIC v. Meyer*, 510 U.S. at 486. In fact, in *Bivens,* plaintiff sued individual FBI agents, in part because "a direct action against the government was not available." *FDIC v. Meyer,* 510 U.S. at 485; *See Bivens*, 403 U.S. at 410.

The Supreme Court made it clear that the intent of providing *Bivens*-type actions to plaintiffs is to deter the individual officers, not the agencies, from unconstitutional actions. *FDIC v. Meyer,* 510 U.S. at 485. The Court specifically said that allowing the suit against an agency "would mean the evisceration of a *Bivens* remedy, rather than its extension." *FDIC v. Meyer*, 510 U.S. at 485. Moreover, to subject an agency of the United States to suit, where the United States has not waived its sovereign immunity, the Court would be "creating a potentially enormous financial burden for the Federal Government," *FDIC v. Meyer*, 510 U.S. at 486, and it would burden the federal courts with a flood of such litigation. *Bivens*, 403 U.S. at 396.

Here, the plaintiff has named an agency of the United States, the Federal Bureau of Investigation, as a defendant in this alleged constitutional violation. Complaint, ¶¶ 2 and 8. The defendant FBI is unaware of any case in any circuit which has implied a *Bivens*-type cause of

action directly against a federal agency. In the absence of any authority supporting such a cause of action against a federal agency, there is no relief available to the plaintiff against the FBI and the FBI must be dismissed as a defendant.[1]

## CONCLUSION

For the foregoing reasons, the FBI requests that the plaintiff's claim against the FBI be dismissed for lack of jurisdiction.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                   By:    /s/ Jeffrey M. Cohen
                                      Jeffrey M. Cohen
                                      Assistant U.S. Attorney
                                      John Joseph Moakley U.S. Courthouse
                                      1 Courthouse Way, Suite 9200
                                      Boston, MA 02210
                                      Tel. No. (617) 748-3100
                                      Facsimile (617) 748-3969

Dated: April 22, 2005

### CERTIFICATION UNDER L.R. 7.1

I, Jeffrey M. Cohen, Assistant United States Attorney, do hereby state that on April 21, 2005, I spoke with Attorney John F. Palmer and informed him that the United States would file this motion.

                                                  /s/ Jeffrey M. Cohen
                                                Jeffrey M. Cohen
                                                Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

I certify that on April 22, 2005, I caused a copy of the foregoing Memorandum to be served on plaintiff by first class mail, postage pre-paid to:

---

[1] Fed. R. Crim. Proc. Rule 41(g) states that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings."

John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108
(617) 723-7010

                                            /s/ Jeffrey M. Cohen
                                            Jeffrey M. Cohen
                                            Assistant U.S. Attorney