UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN ADAMES,<br>　　　Plaintiff<br><br>v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION, and<br>TODD RICHARDS,<br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)　Civil Action No. 05-10189-RWZ<br>)<br>)<br>)<br>)<br>)<br>) |

OPPOSITION OF PLAINTIFF EDWIN ADAMES TO DEFENDANT FEDERAL BUREAU OF INVESTIGATION'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

　　　The Court should deny the Defendant Federal Bureau of Investigation's Motion To Dismiss For Lack Of Subject Matter Jurisdiction because the Court has jurisdiction to hear the claim against the F.B.I. under 28 U.S.C. §1331.

Background

　　　On or about August 27, 2004, Defendant Todd Richards seized without a warrant various motor vehicles and other property from Plaintiff's residence in Lawrence, Massachusetts. Defendant Richards seized another vehicle without a warrant on September 1, 2004. No criminal charges were brought against Plaintiff, nor did the Government initiate forfeiture proceedings. Plaintiff's subsequent requests for the return of the property from the Defendant Federal Bureau of Investigation (Richards' employer) were refused. The present complaint was, therefore, filed on February 1, 2005.

Argument

The Defendant Federal Bureau of Investigation is subject to the jurisdiction of the Court in this case, insofar as the complaint seeks equitable relief against the F.B.I. for the return of the property which was illegally seized from Plaintiff.  See Jafee v. United States, 592 F.2d 712, 718-720 (3rd Cir. 1979) (under 5 U.S.C. §702, United States has waived sovereign immunity for equitable actions).  See also, MacMann v. Titus, 1985 U.S. Dist. LEXIS 19761 (D. Mass. May 16, 1985).  The Plaintiff would agree with Defendant Federal Bureau of Investigation that a Bivens action for monetary damages cannot be brought against the F.B.I.  See Bivens v. Six Unknown Named Agents, 403 U.S. 388, 389 (1971).

The action against the Federal Bureau of Investigation seeking the return of property is the functional equivalent of a Rule 41(e) motion for return of property in a criminal case.  See United States v. Giovanelli, 998 F.2d 116, 118-119 (2d Cir. 1993).  Where there is no underlying criminal case, a motion based upon Rule 41(e) should be treated as a civil complaint for equitable relief under 28 U.S.C. §1331.  See United States v. Giraldo, 45 F.3d 509, 511 (1st Cir. 1995).  The remedy which these cases grant to a person aggrieved by unlawful seizures by government agents would be meaningless if the agency having custody of the property were deemed immune from suit.

For the reasons expressed herein, the Plaintiff respectfully requests that the Court deny Defendant Federal Bureau of Investigation's Motion To Dismiss For Lack of Subject Matter Jurisdiction.

          PLAINTIFF
          By his attorney

          <u>/s/John F. Palmer</u>
          John F. Palmer
          Law Office of John F. Palmer
          24 School Street, 8th Floor
          Boston, MA 02108
          (617)723-7010
          BBO# 387980

Dated: May 16, 2005