UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN ADAMES,<br><br>     Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 05-10189-JGD<br>)<br>)<br>)<br>)<br>) |

<u>JOINT MOTION FOR A PRIVACY ACT PROTECTIVE ORDER</u>

The parties hereby jointly move, through their undersigned counsel, for a Privacy Act Protective Order, pursuant to 5 U.S.C. § 552a(b)(11), to permit the release of records which contain material protected from disclosure under the Privacy Act. In support of this motion, the parties state as follows:

1.    Plaintiffs have served discovery upon the defendant requesting documents that contain material protected from disclosure under the Privacy Act.

2.    The Privacy Act permits the defendant to produce such records pursuant to a court order. <u>See</u> 5 U.S.C. § 522a(b)(11).

3.     Prompt entry of an order authorizing the defendant to disclose such records is necessary for the conduct of discovery in this action. The parties, therefore, request that the attached Privacy Act Protective Order and Acknowledgment of Privacy Act Protective Order, stipulated to by the parties, be adopted and ordered by the Court.

Respectfully submitted,

 /s/ Jeffrey M. Cohen
Jeffrey M. Cohen
Assistant United States Attorney

 /s/ John F. Palmer
John F. Palmer
Law Office of John F. Palmer
24 School Street, 8th Floor
Boston, MA 02108

Dated:   June 12, 2007

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| EDWIN ADAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) Civil Action No. 05-10189-JGD | |
| FEDERAL BUREAU OF ) | |
| INVESTIGATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

PRIVACY ACT PROTECTIVE ORDER

Upon consideration of the Joint Motion for a Privacy Act Protective Order, and pursuant to 5 U.S.C. § 552a(b)(11), IT IS HEREBY ORDERED that the defendant is authorized to release to the plaintiff, his counsel, and to the Court in this case, government records containing Privacy Act protected information, without obtaining prior written consent of the individuals to whom the records pertain.  Such disclosure is subject to the following conditions:

1.      For purposes of this Order, the term "record" shall have the same meaning as set forth in the Privacy Act, 5 U.S.C. § 552a(a)(4).  This Order applies to government documents or information contained in records that are subject to the Privacy Act only and does not create greater or lesser rights or obligations than those contained in the Privacy Act.  Government document summaries, statistical compilations, or other summary records that do not contain information by which to identify specific individuals (whether by name, social security number, symbol or other form of personal identification), and which are not subject to the Privacy Act, are not covered by

this Order.

2.      Government records that identify specific individuals shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation.  For any government records, such as computer data, whose medium makes such stamping impracticable, the diskette case and/or accompanying cover letter shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking.   Answers to interrogatories, if any, that contain protected information derived from records subject to the Privacy Act also shall be marked "PRODUCED SUBJECT TO PROTECTIVE ORDER" or "SUBJECT TO PROTECTIVE ORDER" or contain a similar marking, and may be used only for purposes of this litigation.  Except as provided herein, no person having access to the records designated as subject to this Order or the information therein shall make public disclosure of those records or that information without further Order of the Court.

3.       Any government documents or information produced by the Federal defendants that are designated as subject to this Order shall be used by the plaintiff or his representative(s) only for purposes of litigating these consolidated cases, including any subsequent appeals, and shall not be disclosed by the plaintiff or his representative(s) to the public or any other person or entity for any reason other than for purposes of litigating these consolidated cases, including any subsequent appeals.

4.      Except as otherwise ordered by this Court, any government documents or information subject to the Protective Order may be disclosed only to the following persons:  (a) parties and counsel for the parties in this action; (b) partners, associates, secretaries, paralegal assistants, and

employees of such counsel to the extent reasonably necessary to render professional services in these consolidated cases; (c) persons retained by the parties or their counsel to assist in discovery, preparation for any hearing, or to serve as expert witnesses, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; (d) persons with factual knowledge relating to this case who may be called as witnesses at any hearing, provided that such disclosure is reasonably and in good faith calculated to aid in litigating these consolidated cases; and (e) any deponent in these cases during his or her deposition.

5.    All individuals to whom documents or information subject to this order are disclosed shall  be informed of and shall agree with the terms of this Order and shall not otherwise disclose the documents or information subject to this Order to the public or to any person or entity, and shall acknowledge their agreement to comply with the provisions of this Order by signing a copy of the attached acknowledgment form.  Plaintiff's counsel will retain copies of the acknowledgment forms until such time as this litigation, including all appeals, is concluded.  Should plaintiff or his counsel wish to disclose records or information subject to this Order to any persons other than those indicated in this paragraph and paragraph 4, above, plaintiff's counsel must obtain the defendants' consent.  If the defendant does not consent to disclosure, then plaintiff or his counsel may, on motion, seek modification of this Order from the Court.

6.    The plaintiff or other third party to this Order may challenge the government's Privacy Act designation of a document or information by moving the Court to have the document or information made public.  In addition, each party reserves the right to move to modify the terms of this Protective Order at any time, and each party reserves the right to oppose any motion to modify the terms of the Protective Order

7.     Unless the Court has previously ruled that a document or information is not subject to the Privacy Act, government documents or information subject to this Protective Order may be presented to the Court only under seal. Should the plaintiff seek to use Privacy Act protected documents or information in open Court or at trial, orally or through documents, including as trial exhibits, or seek to file such information as part of a public filing (e.g., a pleading, motion, exhibit or expert report), he must first seek an Order from the Court ruling that the information is relevant and may be publicly disclosed.

8.     The protected documents and discovery responses, and all copies thereof, produced in connection with these consolidated cases must be returned by the plaintiff or other receiving party to the defendant upon the conclusion of these consolidated cases, including any subsequent appeals. Within thirty days of the conclusion of these consolidated cases and any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving protected documents and discovery responses must certify in writing that all protected documents and discovery responses, and all copies thereof, have been returned to the defendant. Within forty-five days of the termination of these consolidated cases, including any subsequent appeals, plaintiff or plaintiff's counsel or other person receiving protected documents and discovery responses must also certify in writing that any documents they or their attorneys or agents have created which contain Privacy Act protected information derived solely from the protected documents and discovery responses have been destroyed or redacted; provided, however, that no party is required to destroy or redact any document that has been filed with this Court or with a court of appeals of competent jurisdiction in connection with these consolidated cases.

9.     Neither the United States Department of Justice, the United States Attorney's Office

for the District of Massachusetts, nor the Federal Bureau of Investigation, nor any of its officers, employees, or attorneys, shall bear any responsibility or liability for any unauthorized disclosure of any documents obtained by plaintiff's counsel under this Order, or of any information contained in such documents.

10.    This Order does not constitute any ruling on the question of whether any particular document or category of information is properly discoverable and does not constitute any ruling on any potential objection to the discoverability, relevance, or admissibility of any record, other than objections based on the Privacy Act.

11.    This Order does not apply to any information or documents other than information or documents that are subject to the Privacy Act, and the terms and conditions set forth herein shall not apply to the disclosure of any classified national security information or any information subject to a claim of privilege or other basis of exclusion, and this Order shall not be precedent for adopting any procedure with respect to the disclosure of any such other information .

IT IS SO ORDERED this _____ day of _____, 2007

_____
The Honorable Judith G. Dein
United States Magistrate Judge

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN ADAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 05-10189-JGD |
| FEDERAL BUREAU OF | ) |
| INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

### ACKNOWLEDGMENT OF  PRIVACY ACT PROTECTIVE ORDER

I, _____, hereby acknowledge that I have read and understand

the Privacy Act Protective Order entered in this action.  I hereby agree to be bound by the terms of

the Order.  Specifically:

1.      I agree that I will use records and information protected by the Order only for purposes

of this litigation, including any appeals, and not for any other purpose of any kind, including that I

will not disclose any such records or information to the public.

2.      I agree that I will return all records subject to this order produced by the Federal

defendant to counsel for the Federal defendant at the termination of this litigation or, when I am no

longer a party to or assigned or retained to work on this case, to the plaintiff's counsel who at the

termination of this litigation will return such records to the Federal defendants.  I also agree to

destroy or redact, or to return to plaintiff's counsel for destruction or redaction, any records created

that contain information subject to this Order, within thirty days after the termination of this

8

litigation.

3.    I (or plaintiff's counsel on my behalf) will certify to the Federal defendant that any documents created that contain information subject to this Order have been destroyed <u>or redacted</u> within forty-five days after the termination of this litigation.

4.    I agree that I will disclose records and information protected by the Order solely to to the Court (under seal), the parties to this action and their attorneys of record, persons regularly in the employ of such attorneys, and any experts or consultants hired for this case by the parties or their attorneys and who (except the Court, defendants' employees and defendants' counsel) have signed an acknowledgment like this one and have a need for such information to perform duties specifically related to the conduct of this litigation.

5.    Should I wish to disclose the records which are subject to the Order to any additional persons except those indicated in the Order and herein, I will first seek the defendants' consent.  If the defendant does not consent to the disclosure, then I may, on motion, seek modification of the Order from the Court.

6.    I agree that any documents or information subject to the Order may not be disclosed in open Court, including as or through trial exhibits or through a public filing (<u>e.g.</u>, a pleading, motion, exhibit or expert report) without first obtaining consent of the Court.  I further agree that those portions of any filings that contain Privacy Act information subject to this Order shall be filed under seal and may not be filed publicly without leave of the Court.

7.    I hereby confirm that my duties under this Acknowledgment shall survive the termination of this case and are binding upon me for all time.

8.    I hereby consent to the personal jurisdiction of the United States District Court for the District of Massachusetts in the above-captioned case for the purpose of enforcing the aforementioned Order.

_____

[signature]


_____

[print name]

DATED: _____